IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 19, 2022

**BENJAMIN MCCURRY v. AGNESS MCCURRY**

**Appeal from the Circuit Court for Washington County**
**No. 38147    Thomas J. Wright, Senior Judge**
_____

**No. E2022-01708-COA-T10B-CV**
_____

The Appellant takes issue with the trial judge's refusal to recuse himself from the litigation assigned to him pursuant to designation by the Chief Justice of the Supreme Court of Tennessee. Discerning no error, we affirm.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgments of the Trial Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Agness McCurry, Johnson City, Tennessee, Pro Se.[1]

**MEMORANDUM OPINION[2]**

In the present accelerated interlocutory appeal pursued pursuant to Rule 10B of the Rules of the Supreme Court of Tennessee,[3] Ms. McCurry challenges Senior Judge Thomas Wright's denial of her request that he recuse himself from three cases assigned to him by Chief Justice Roger Page of the Tennessee Supreme Court: case No. 38147 in the

---

[1] Other parties have not participated in this appeal due to this appeal being considered solely on Ms. McCurry's submissions and without oral argument.

[2] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[3] Although Ms. McCurry originally sought to pursue her accelerated interlocutory appeal in the Supreme Court, the appeal was transferred to this Court by order of the Supreme Court, with it noting that "[i]f a case is appealed to this Court that should have been appealed to another court, the case shall be transferred to the proper court."

Washington County Circuit Court, case No. 22-CV-0611 in the Washington County Chancery Court, and case No. 22-CV-0618 in the Washington County Chancery Court. We proceed to address the appeal summarily based on Ms. McCurry's submissions alone and without oral argument. *See* Tenn. Sup. Ct. R. 10B, § 2.05 (providing that the appellate court may act summarily on the appeal if it determines that no answer is needed); Tenn. Sup. Ct. R. 10B, § 2.06 (providing that the accelerated interlocutory appeal shall be decided on an expedited basis and, in the court's discretion, without oral argument).

The only order this Court may review in an appeal pursued under Tennessee Supreme Court Rule 10B is the trial court's order denying the motion to recuse. *Dougherty v. Dougherty*, No. W2021-01014-COA-T10B-CV, 2021 WL 4449649, at *2 (Tenn. Ct. App. Sept. 29, 2021) (citing *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012)). The general principles undergirding recusal issues are well settled:

> "The right to a fair trial before an impartial tribunal is a fundamental constitutional right." *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)). Preserving public confidence in judicial neutrality, however, requires more than ensuring that a judge is impartial in fact. *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998). It is also important that a judge be perceived to be impartial. *Id.* In keeping with this principle, Tennessee Supreme Court Rule 10, Code of Judicial Conduct Rule 2.11 provides that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned[.]" Even when a judge sincerely believes that he or she can preside over a matter in a fair and impartial manner, recusal is nonetheless required where a reasonable person "in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564-65 (Tenn. 2001) (quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)).

*Hawthorne v. Morgan & Morgan Nashville PLLC*, No. W2020-01495-COA-T10B-CV, 2020 WL 7395918, at *2 (Tenn. Ct. App. Dec. 17, 2020). We review the trial court's ruling under a de novo standard of review. *See* Tenn. Sup. Ct. R. 10B, § 2.01.

In her motion seeking recusal and its accompanying affidavit, Ms. McCurry, who is proceeding pro se, placed criticism on Judge Eddie Lauderback and Chancellor John Rambo for the manner in which they had recused themselves in the above-cited three cases involving her and suggested that Judge Wright *may not* be impartial due to Judge Lauderback's alleged role in Judge Wright's appointment.[4] She also noted that "Judge

---

[4] Curiously, in connection with her complaint about this matter, Ms. McCurry also prefaced her

Wright originates from the same jurisdiction as the attorney . . . for Defendant[.] . . . Therefore, there is a high probability that [counsel] has had cases involving Judge Thomas Wright."

As noted, Judge Wright had been designated to preside over the cases involving Ms. McCurry by Tennessee Supreme Court Chief Justice Roger Page. Judge Wright responded to Ms. McCurry's concerns by noting that Chief Justice Page's designation of him "was not an action in which Judge Lauderback or Chancellor Rambo provided any input." In elaborating on this explanation, he noted that

> [t]hese judges recused themselves. Chancellor Rambo referred the cases to Judge Lauderback as the presiding judge. Apparently no other judges in the judicial district or nearby districts [were] able to interchange and the cases were referred to the Administrative Office of the Courts for designation of a judge by the Chief Justice. This was the correct procedure. The undersigned is the nearest senior judge and the logical judge for the Chief Justice to designate to hear these cases. Judge Lauderback and Chancellor Rambo had no input in the Chief Justice's selection and designation of the undersigned.

In further explaining why there was no basis for his recusal, Judge Wright noted that he had neither bias nor knowledge of the cases or the parties. He also rejected Ms. McCurry's reliance on the fact that one of the opposing attorneys had previously practiced before him and was from the same geographic area, holding that this was not a ground for recusal; Judge Wright astutely noted that, if it was, judges could never hear cases in judicial districts where they are elected when local attorneys are involved. We discern no error in Judge Wright's denial of Ms. McCurry's motion for recusal and therefore affirm his decision and remand these cases for further proceedings.

       s/ Arnold B. Goldin
       ARNOLD B. GOLDIN, JUDGE

---

argument with the following introductory phrase: "Although Judge Wright may appear to be 'impartial.'"